STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Orange Unit | **Docket Nos. 23-CV-1827** |
| | **23-CV-4940** |

**IN RE: ESTATE OF STEWART SKRILL**[1]

### Decision on Pending Motions and Matters

This matter includes two consolidated appeals from the Probate Division, one appealing an Order and the other appealing a resulting Judgment against two former Co-Trustees. Both arise from a decision on accountings submitted by the former Co-Trustees in the Probate Division.

Stewart Skrill established a Revocable Trust in 2016 and amended it in 2017 prior to his death later in 2017. In 2019, his wife, Karen Skrill, a significant Beneficiary of the Trust, filed suit in the Probate Division seeking to: remove the Co-Trustees, modify the Trust documents, obtain accountings of Trust assets, reform the Trust, and obtain damages. The matters on appeal arise from a decision in the Probate Division on three accountings of the Co-Trustees covering a period of over two and a half years after the Grantor's death. There have been other appeals from Probate Division decisions on other issues, but the only appeals before the Civil Division at this time are those of Steven Modell, who was one of the two Co-Trustees during the period covered by the accountings at issue, on the Order on accountings and resulting Judgment.

He appeals the Probate Division Order of March 20, 2023 on the three accountings for the period from November 1, 2017 to July 31, 2020 when he was Co-Trustee with Bonnie Lindsay.[2] The Order, which provides for a judgment of liability against the Co-Trustees and denies their request for fees and legal expenses, was based on adoption of findings and conclusions in a Master's Report ordered by the Probate Division and filed August 5, 2022. The Order became the basis for the subsequent Judgment against Co-Trustees Steven Modell and Bonnie Lindsay dated December 5, 2023. It states that it was based on trust funds lost and not accounted for or returned to the Trust in the total amount of $471,197.62, interest to July 15, 2022 in the amount of $174,343.11, disallowance of trustee fees to the Co-Trustees in the amount of $78,500.00, and disallowance of legal fees in the amount of $20,126.10.

Mr. Modell first appealed the March 20, 2023 adoption of the Master's Report on April 18, 2023, and filed his Statement of Questions on May 18, 2023. In his Notice of Appeal, he

---

[1] Although both cases are entitled "In re: Estate of Stewart Skrill," the subject matter is actually the private trust entitled The Stewart Skrill Living Trust. A proceeding concerning Mr. Skrill's estate took place in Florida.

[2] After July 31, 2020, the Co-Trustees were replaced by a different Trustee, Christopher Eckman, whose accounting for the period from August 7, 2020 to August 7, 2022 has been approved and is not involved in this appeal.

stated that he was appealing "the Probate Division's Entry Order Regarding Annual Accounts, filed March 20, 2023." On November 19, 2023, just prior to the follow-up Judgment of December 5, 2023, he filed a second appeal docketed in the Civil Division as Docket 23-CV-4940, which has been consolidated with this Docket 23-CV-1827.[3] In the Second Notice of Appeal, he stated that he was appealing "the Probate Division's Judgment, issued on May 1, 2023, and presumed to have been entered on or after October 27, per the Court's Entry Order of October 3, 2023." The Judgment was subsequently formally issued on December 5, 2023. Thus he has appealed both the Order adopting the Report and the Judgment based on it.

In his Statement of Questions, Mr. Modell raises several questions: the scope of the Master's authority, whether the Master's Report disposed of matters beyond his charge, whether the procedure used by the Master was appropriate for contested matters concerning claims made by Petitioner Karen Skrill, whether the Court should accept findings and conclusions in the Report concerned with claims made by Karen Skrill, whether prejudgment interest should be imposed, whether the evidence supports the requirement that the former Co-Trustees must refund certain fees, whether the Court should accept the Master's conclusion that the former Co-Trustees were not entitled to compensation, whether the Court should accept the Master's findings and conclusions related to the Co-Trustees undertaking of a hemp farming venture, whether the Court should decline to accept the Report's conclusions on a causal connection between planning and execution of a hemp farming venture and the financial outcome of the venture, and whether the Report erroneously concluded that the hemp farm venture operated at a loss of $485,382.00.

In short, Mr. Modell challenges many aspects of the Master's Report which was accepted by the Probate Division as the basis for its Order and Judgment.

Beneficiary Karen Skrill and former Co-Trustee Steven Modell have both filed Motions for Summary Judgment with respect to the three accountings and resulting Judgment. These are addressed as follows.

### Motion #11:  Beneficiary Karen Skrill's Renewed Motion for Summary Judgment

The Statement of Material Facts sets forth many alleged facts, but most of the statements are not supported "with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations . . .admissions, interrogatory answers, or other admissible materials" as required by Rule 56(c)(1) of the Vermont Rules of Civil Procedure. In addition, many of the alleged facts are disputed. The court thus cannot conclude that the matter may be decided on summary judgment on undisputed and properly supported facts.

### Motion #12: Former Co-Trustee Steven Modell's Motion for Partial Summary Judgment

Mr. Modell's motion identifies its purpose in the first paragraph as seeking a ruling of law that the Master's Report should be rejected, and further concludes with a request for rulings that

---

[3] Co-Trustee Bonnie Lindsay also filed an appeal on November 18, 2023 of the same Order and Judgment. Her appeal was also consolidated with this Docket 23-CV-1827, but she dismissed her appeal on April 2, 2024.

the Master's Report should be rejected as beyond the Master's authority under the order of reference for his work and that various conclusions and recommendations of the Master also be rejected. He argues that the Master improperly addressed issues of breach of trust and that his determinations of penalties, interest, and denial of trustee fees were beyond the scope of the factual issues referred to him as Master. No Statement of Undisputed Facts as required by Rule 56 has been filed. Mr. Modell's attorney writes that he relies on arguments based on the record "because no facts extraneous to the court proceedings below are relied on as material," (Motion, page 1). However, he has not identified in a Statement of Undisputed Facts what facts from the record below are relied upon.

While many of the arguments are legal ones, such as whether the Master had the authority to address breach of trust issues or award prejudgment interest, within the Motion Mr. Modell also argues that the Master's conclusion about fees was "based on an erroneous assumption about the value of the Farm." (Motion, page 7.) Thus he is also challenging the factual determination of the Master without supporting his alleged errors of fact in a Statement of Material Facts in the manner required by Rule 56. His Statement of Questions also shows that he is challenging many factual determinations made by the Master.[4]

Ms. Skrill's Opposition is based on the argument that the Probate Court has the authority to find violations on the part of the Trustee for self-dealing and breach of fiduciary duties and to order relief for violations such as payment to the trust, denial or reduction of compensation, or other appropriate relief, and that "[a]ll of the Master's findings and conclusions . . . are all part of the accounting to which the parties agreed, and to which the Court adopted in entering judgment pursuant to statute." (Opposition, page 2).

The issue arising from the first Notice of Appeal is whether or to what extent the accountings will be allowed. The issue arising from the Second Notice of Appeal is whether the terms of the Judgment against the Co-Trustees have a proper evidentiary and legal foundation. While Mr. Modell challenges whether the scope of the Report went beyond the authority delegated to the Master, he also disputes factual determinations made by the Master, and whether the Master's findings and conclusions are a proper basis for the Judgment terms. Thus he is entitled to a *de novo* evidentiary hearing in the Civil Division on the three accountings at issue as well as a *de novo* determination, based on an evidentiary hearing, of the liability provisions of the Judgment. *Whitton v. Scott,* 120 Vt. 452 (1958), *In re Estate of Doran,* 2010 VT 13. Accordingly, it is unnecessary to focus on the scope and procedure and content of the Master's Report since the conduct of a *de novo* proceeding requires this court to conduct its own evidentiary hearing on these issues and make its own findings of fact and conclusions. *Id.*

---

[4] As identified above, these include whether the evidence supports the requirement that the former Co-Trustees must refund certain fees, whether the Court should accept the Master's conclusion that the former Co-Trustees were not entitled to compensation, whether the Court should accept the Master's findings and conclusions related to the Co-Trustees undertaking of a hemp farming venture, whether the Court should decline to accept the Report's conclusions on a causal connection between planning and execution of a hemp farming venture and the financial outcome of the venture, and whether the Report erroneously concluded that the hemp farm venture operated at a loss of $485,382.00.

Accordingly, the motion is denied for two reasons. First, it does not comply with the requirements of Rule 56 (c)(1) to provide a Statement of Material Facts, and secondly, the court in any event must hold an evidentiary hearing on the three accountings independently of the one conducted by the Master, and on the factual and legal claims against the former Co-Trustees that were included in the December 2023 Judgment.

**Motion # 13: Mr. Modell's Motion to Compel**

The motion is denied for failure to comply with the 'meet and confer' requirement of V.R.C.P. Rule 26(h). The court interprets this rule as requiring a face-to-face discussion (which may be remote but with all attorneys on camera) among all attorneys and any unrepresented parties who have appeared in the case. The Affirmation filed in support of this motion is insufficient to show such compliance.

**Other**

A *de novo* evidentiary hearing will be needed on the three accountings at issue and on the claims that resulted in the terms of the Judgment. A pretrial status conference will be scheduled to address the mediation requirement in V.R.C.P. Rule 16.3(a)(1), scheduling issues, and the issue identified below.

The court notes that Attorney Stevens has filed a Notice of Appearance to be co-counsel with Attorney McCann for current Trustee Christopher Eckman, but has not filed a motion to withdraw as attorney for Beneficiary Karen Skrill. She has filed a separate Notice of Pro Se Appearance. It is not clear to the court that this situation is proper under the rules of court procedure and attorney representation, as it does not appear that the interests of these parties is identical. This will be addressed at the status conference.

### Summary

1. Motion #11, Karen Skrill's Renewed Motion for Summary Judgment, is *denied.*
2. Motion #12, Steven Modell's Motion for Partial Summary Judgment, is *denied.*
3. Motion #13, Steven Modell's Motion to Compel, is *denied.*
4. A status conference will be scheduled to address the issues identified above. Parties and attorneys may participate remotely as long as the attorneys are on camera, but are welcome to participate in person if they so chose.

Electronically signed January 28, 2025 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned